# UNITED STATES DISTRICT COURT

## District of South Carolina

| | |
|---|---|
| DESTINY BUTLER ) | |
| ) | |
| Plaintiff, ) | Civil Action No._____ |
| vs. ) | |
| ) | |
| ABU AUTO SALES, INC. ) | **Jury Trial Demanded** |
| ) | |
| Defendant. ) | |

## INTRODUCTION

1. This is an action brought by Plaintiff Destiny Butler to recover damages from Defendant for failing to provide lending disclosures, engaging in deceptive trade practices, and fraud related to the purchase and financing of a motor vehicle. This acts and omissions violated the Truth in Lending Act, 15 U.S.C. § 1601 et. seq., the South Carolina Unfair Trade Practices Act, S.C. Code §39-5-20, the South Carolina Motor Vehicle Act, S.C Code § 56-15-10 et. seq, and constituted constructive fraud and fraud.

## JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1601 and 28 U.S.C. §§ 1331 and 1337.
2. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## PARTIES

3. Plaintiff Destiny Butler is a consumer and natural person who resides in Greenville, South Carolina

4. Defendant Abu Auto Sales, Inc. d/b/a Abu Auto Sales (hereinafter referred to as "ABU") is a South Carolina company with a principal place of business in Greenville, South Carolina.

## FACTUAL BACKGROUND

1. On or about December 10, 2013 Plaintiff went shopping for a vehicle at Abu's used car lot.
2. Defendant ABU Auto Sales agents and employees showed Plaintiff a 2007 Dodge Charger, VIN # 2B3KA43R57H738262 (hereinafter referred to as "Charger").
3. Plaintiff agreed to pay $600 on December 10, 2013 in order to hold vehicle for purchase.
4. On December 12, 2013, Plaintiff purchased the vehicle from ABU and agreed to finance the vehicle with ABU. Attached hereto as Exhibit A and incorporated herein is a true and correct copy of the subject retail installment contract.
5. Prior to the purchase of the vehicle, Plaintiff asked about the history of the vehicle and Defendant's agents and employees replied that the vehicle was in great condition and the Charger only had one prior owner.
6. In reasonable reliance on the representations about the Charger by ABU Auto Sales as alleged, Plaintiff purchased the Charger for personal and family use from Abu Auto Sales.
7. Plaintiff did not know that the representations made by Abu were false.
8. Defendant listed the price of the vehicle as $13,900.
9. Defendant required Plaintiff to pay $3,379 as a down payment and to pay installment payments of approximately $362.22 for 48 months for a total of $20,765.56. Additionally, Plaintiff paid for taxes, tags, and registration.
10. Defendant told Plaintiff that GAP insurance was required to buy the Charger.
11. Defendant did not disclose the finance charge, amount financed, or APR to Plaintiff. In fact, Defendant failed to provide any truth in lending disclosures to Plaintiff.

12. Defendant offered a different cash price and financing price for the vehicle.

### *The vehicle's actual history*

13. The Charger was initially a rental vehicle.
14. The Charger was then sold to an individual consumer, Stacie Pennamon, who owned the car from 2008 until 2013.
15. In 2008, the vehicle was in an accident.
16. In 2013, Ms. Pennamon experienced issues with the vehicle constantly overheating.  Eventually, unable to fix the problem, Ms. Pennamon decided to buy a new vehicle.
17. In May of 2013, Ms. Pennamon sold the Charger to Douglas County Chrysler in Georgia.
18. The Charger went to a dealer auction and was bought and sold by several different car dealers.
19. Finally, ABU purchased the Charger in August of 2013.
20. Upon information and belief, ABU sold the vehicle to an individual consumer, Gregory Mims.  Gregory Mims complained of electrical problems and overheating with the Charger.  Mr. Mims refused to make payments on the Charger due to the condition and problems with the vehicle. The Charger was returned to ABU by Gregory Mims or repossessed by ABU.
21. ABU did not disclose the vehicle problems to Plaintiff and concealed or misrepresented the true history of the Charger.

### *The vehicle's problems*

22. The Charger began having electrical problems within a couple of days after Plaintiff purchased the vehicle.
23.  A few days later, the heat stopped working on the Charger.

24. Plaintiff informed ABU of the problems with the Charger. Defendant told Plaintiff that she had already bought the Charger and ABU is not responsible for the problems.
25. Plaintiff took the Charger to shop to perform a diagnostic test. Plaintiff was informed that the diagnostic testing showed electrical problems with the Charger.
26. Within a month of the purchase, the lights in the Charger started flashing and smoke began coming out from engine. The wheel locked up and the vehicle stopped operating.
27. The Charger was towed to a repair shop.
28. Plaintiff explained the problems to Defendant and requested to exchange the Charger for another vehicle. Defendant told Plaintiff that she cannot exchange the Charger and she would still have to make loan payments if Plaintiff decided to return the Charger.
29. On or about January 25, 2014, the Charger was being driven on the highway when the Charger started smoking. The driver pulled over to the side of the road. The Charger started on fire and burnt.
30. An investigation revealed that an electrical issue with the Charger started the fire.

*Collection of Amounts Not Due*

31. The vehicle was declared a complete lose due to the fire. Plaintiff's insurance and GAP insurance paid ABU approximately $9,000
32. In the GAP Insurance contract, Defendant agreed to waive the outstanding balance on the loan. Attached hereto as Exhibit B and incorporated herein is a true and correct copy of the subject GAP insurance contract.
33. Despite agreeing to waive any balance, ABU demanded payment from Plaintiff in the amount of $9,080.
34. Defendant told Plaintiff that the GAP insurance did not cover the full amount due and the balance was $9,080.

35. Plaintiff disputed the amount due. Defendant told Plaintiff that she is still responsible for loan payments that her insurance did not cover.
36. Upon information and belief, Defendant calculated the amount of $9,080 by subtracting payments received from the total of all payments to be made over the 48 month financing period.
37. In a further effort to collect from Plaintiff, Defendant reported false information on Plaintiff's credit report. Defendant reported that Plaintiff's account was charged off for $9,080.
38. Plaintiff suffered actual damages as result of the Defendant and was unable to obtain financing, paid higher interest rates on credit, was denied rental contracts, and was forced to pay higher deposits and a higher rental payment as a result of the false information reported by ABU.
39. Finally, after several disputes and requests by Plaintiff, ABU agreed to remove the negative credit reporting information. Defendant explained to Plaintiff that this was only being done as a courtesy.

## COUNT I.

### TRUTH IN LENDING ACT, 15 U.S.C. § 1601 *et seq.*

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
41. Defendant ABU is a creditor as defined in 1602(g) and Regulation Z § 1026.2(a)(17).
42. The loan agreement and disclosures issued in connection with this consumer credit transaction violated the requirements of the Truth In Lending and Regulation Z in the following and other respects:
43. By failing to clearly and consciously disclose the Amount Financed, APR, Finance Charge, and Total Payments as required by 15 U.S.C. §1632 (A) and failing to

disclose these items grouped together and segregated from everything else as required by Regulation Z §1026.18 [§226.18].

44. By failing to disclose the Annual Percentage rate and finance charge more clearly and conspicuously as required by 15 U.S.C 1632(a); Reg. Z. 1026.17(a)(2).
45. By calculating the annual percentage rate(APR) based on improperly calculated and disclosed finance charges and amount financed, 15 U.S.C 1606, Regulation Z 1026.22, and failing to disclose the correct APR in violation of 15 USC 1638(a)(4) and Regulation Z 1026.18(e).
46. By failing to disclose as finance charges any costs charged to Plaintiff for buying on credit as opposed to paying cash in violation of  § 1638(a)(3)
47. By reason of the aforesaid violations of the Truth in Lending Act and Regulation Z, Defendant Abu is liable for statutory damages for each and every violation, and attorney fees and costs in accordance with 15 U.S.C 1640.

## COUNT II.

## UNFAIR TRADE PRACTICES, S.C. CODE. §39-5-20

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
49. Defendant's acts and omissions constitute unfair or deceptive acts and practices in the conduct of trade of commerce.
50. Defendant caused Plaintiff to suffer actual damages as a proximate cause of Defendant's conduct and practice.
51. Plaintiff suffered actual damages due to: paying unnecessary fees, paying a higher interest rate than was disclosed, lost time, she has incurred expenses in securing other transportation for her needs, has incurred expenses in discovering the deceptive practices, has incurred the costs of repairs, has lost the money used to purchase the Charger, her credit has been damaged, and she has suffered anxiety and has been inconvenienced, embarrassed, and humiliated.

## COUNT III.

## VIOLATIONS OF MOTOR VEHICLE ACT, S.C Code § 56-15-10 et. seq

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
53. The Plaintiff is informed and believes that the malicious and deceptive acts and practices of Defendant constitute a violation of the South Carolina Motor Vehicle Act, S.C. Code § 56-15-10.
54. That as a result of Defendant deceptive acts and practices, the Plaintiff has lost the use of the vehicle for which she contracted, lost time, she has incurred expenses in securing other transportation for her needs, has incurred expenses in discovering the deceptive practices, has incurred the costs of repairs, has lost the money used to purchase the Charger, her credit has been damaged, and she has suffered anxiety and has been inconvenienced, embarrassed, and humiliated.
55. That as a result of the Defendant's violation of this state's statutes dealing with the regulation of motor vehicle dealers, the Plaintiff demands two times her actual damages, together with punitive damages not to exceed three times the actual damages, together with attorney fees, together with the costs and disbursements of this action.

## COUNT IV.
## CONSTRUCTIVE FRAUD

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
57. The Defendant's agents and employees made false representations of material fact to Plaintiff.
58. That Defendant's agent and employees knew or should have known that the representations which were made to the Plaintiff were false.

59. The Plaintiff was unaware of the falsity of the representations and at the time the representations were made, the Plaintiff was unable to discover the falsity of the representations made by Defendant's agents and employees.
60. The plaintiff justifiably relied upon the representations made by Defendant Abu's employees and agents.
61. That as a result of the Defendant's constructive fraud, the Plaintiff has lost the use of the vehicle for which she contracted, lost time, she has incurred expenses in securing other transportation for her needs, has incurred expenses in discovering the deceptive practices, has incurred the costs of repairs, has lost the money used to purchase the Charger, her credit has been damaged, and she has suffered anxiety and has been inconvenienced, embarrassed, and humiliated.
62. That as a result of the Defendant's constructive fraud the Plaintiff demands, actual damages, punitive damages, prejudgment interest, and costs and disbursements of this action.

## COUNT V.
## FRAUD

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
64. The acts and omissions of Defendant ABU as alleged concerning the condition of the Charger constitute fraud.
65. Defendant Abu's agents and employees intended that the Plaintiff rely upon its misrepresentations of material fact concerning the condition of the Charger.
66. All of the actions and omissions of the Defendant as alleged were willful, wanton, and malicious, done with reckless disregard for the Plaintiff's rights and the rights of other purchasers, were outrageous because of the evil motive or reckless indifference to Plaintiff rights, and were done without just cause or excuse.

67. The plaintiff suffered actual damages proximately caused by this fraudulent conduct of the Defendant.
68. That as a result of the Defendant's fraud, the Plaintiff has lost the use of the vehicle for which she contracted, she has incurred expenses in securing other transportation for her needs, has incurred expenses in discovering the deceptive practices, has incurred the costs of repairs, lost time, has lost the money used to purchase the Charger, her credit has been damaged, and she has suffered anxiety and has been inconvenienced, embarrassed, and humiliated.
69. As a result of the Defendant's fraud, the Plaintiff demands actual damages, prejudgment interest, punitive damages, together with costs and disbursements of this action.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- In the First Cause of Action, for statutory damages of twice the finance charge, actual damages, costs, and attorney fees.
- In the Second Cause of Action, for three (3) times Plaintiff's actual damages, attorney fees, costs, and disbursements.
- In the Third Cause of Action, for two (2) times Plaintiff's actual damages, punitive damages not to exceed three (3) times Plaintiffs actual damages, attorney fees, costs, and disbursements.
- In the Fourth Cause of Action, for Plaintiff's actual damages, punitive damages, prejudgment interest, costs, and disbursements.
- In the Fifth Cause of Action, for Plaintiff's actual damages, punitive damages, prejudgment interest, costs, and disbursements.

Respectfully submitted,

Dated: December 11, 2014	**ELLSWORTH LAW FIRM**

<p style="margin-left: 40%;">*s/ Brian J. Ellsworth*<br>
Brian J. Ellsworth (#11839)<br>
201B Waller Ave.<br>
Greenwood, SC 29646<br>
Phone: (864)757-4938<br>
Fax: 864-330-2954<br>
brian@bjellsworth.com<br>
**Attorney for Plaintiff**</p>